IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**00-71061**

| | |
|---|---|
| **NANCY DAHLEN** | Civil Action No. _____ |
| Plaintiff, | Judge: __GERALD ROSEN__ |
| v. | |
| **MICHIGAN LICENSED BEVERAGE ASSOCIATION, JOSEPH A. BAKER** | MAGISTRATE JUDGE CARLSON |
| Defendants. / | |

### VERIFIED COMPLAINT

Plaintiff, Nancy Dahlen, by her undersigned counsel, complains against the Defendants, Michigan Licensed Beverage Association and Joseph A. Baker (hereinafter referred to collectively as "Defendants"), as follows:

1. Plaintiff, Nancy Dahlen, is an individual residing and conducting business in this District at 8443 Matthews Highway, Tecumseh, Michigan 49286.

2. Defendant, Michigan Licensed Beverage Association (hereinafter "MLBA") is a corporation organized and existing under the laws of the State of Michigan, having a principal place of business at 920 N. Fairview, Lansing, Michigan 48912, and conducts business in this District and throughout the State of Michigan.

3. Joseph A. Baker (also referred to as "Joe Baker") is an individual residing in Adrian, Michigan and having a place of business at 4460 West Maumee, Adrian, Michigan 49221. Upon information and belief, Joseph A. Baker is an officer, member and Director of MLBA.

4. This court has subject matter jurisdiction over this copyright and unfair competition action under 28 U.S.C. §§1331, 1338(a), 1338(b) and 1367. The Copyright Act, Lanham Act and related ancillary claims are at issue and the amount in controversy exceeds $75,000.

5. Venue is properly placed in this district under 28 U.S.C. §1391.

## FACTUAL BACKGROUND

6. Plaintiff Nancy Dahlen is the owner of Michigan Voice, a company in the business of disseminating public information to its members regarding issues pending before the Michigan legislature. Michigan Voice is not a party to this suit.

7. In the early part of 1997, Plaintiff, Nancy Dahlen, and her sister, Denise Lutz, began creating a poster entitled "We Care About You." The purpose of the poster was to provide information regarding the effects and consequences of drinking and driving. The target customers of Plaintiff's poster are bar owners, liquor stores, etc.

8. By January of 1998, Plaintiff had finalized her poster "We Care About You" and started to test market it in Michigan.

9. In January of 1998, Plaintiff Nancy Dahlen met with Joseph A. Baker at the offices of MLBA to pursue a business relationship whereby MLBA was asked to sell the posters to its Membership. Upon information and belief, the MBLA is a business association of licensed liquor sellers throughout the State of Michigan and has about 2,500 members. There are about 8,300 licensed alcohol sellers in Michigan.

10. During the February 10, 1998 MLBA Public Relations/Communications Committee meeting, said MLBA Committee discussed Plaintiff's "We Care About You" poster.

11. During the February 10, 1998 MLBA Public Relations/Communications Committee meeting, said Committee voted to "look into producing its own poster, rather than entering into an agreement with 'We Care' [Plaintiff Nancy Dahlen]", as recorded in the February 10, 1998 MLBA Public Relations/Communication's Committee Minutes.

12. At that meeting, Joseph A. Baker abstained from voting on the motion to check into creating its own "We Care About You" poster "because he felt the people who came up with the We Care poster idea should get the credit for it."

13. The MLBA's February 10, 1998 Public Relations Committee report by Missy

Morrison states "Joe Baker stated that he abstained from the vote because he felt the people who came up with the We Care poster idea should get the credit for it."

14. On or about March 10, 1998, Joe Baker began working on a version of the "We Care About You" poster.

15. The March 10, 1998 minutes from the MLBA Public Relations/Communications Committee state "Joe Baker is submitting a quiz format to the poster emphasizing your rights as a consumer, changing the tone from an offensive to a more defensive poster. Staff will create a mock-up of the poster and present it to MLBA's attorney for approval before presenting it to the April Committee meeting."

16. In February of 1998, Plaintiff Nancy Dahlen, proceeded to register the copyright in the poster "We Care About You."

17. The effective date of registration of Plaintiff's "We Care About You" copyright, bearing number TXu 842-524, is February 24, 1998.

18. Attached as Exhibit A is a copy of Certificate of Registration No. TXu 842-524 and a reduced size copy of the Plaintiff's poster that is protected by Registration No. TXu 842-524.

19. Plaintiff's We Care About You poster contains a copyright notice.

20. Plaintiff Nancy Dahlen has complied in all respects with the Copyright Act and secured exclusive rights and privileges in and to the copyright We Care About You.

21. Subsequent to February 24, 1998, Defendants created a poster entitled "Do You Know Your Rights," attached hereto as Exhibit B is a reduced size copy of the poster.

22. Denise Lutz has assigned any and all rights she has in the We Care About You poster over to Plaintiff, Nancy Dahlen. The assignment is attached as Exhibit C.

23. Plaintiff, Nancy Dahlen, has caused to be filed with the Register of Copyrights Form CA clarifying Denise Lutz as the other author of the We Care About You poster. See Exhibit D.

## COUNT I
## COPYRIGHT INFRINGEMENT OF NANCY DAHLEN'S
## "WE CARE ABOUT YOU" POSTER
## 17 U.S.C. § 501

24.    Plaintiff, Nancy Dahlen, incorporates by reference all of the above averments set forth in Paragraphs 1 – 23, inclusive, with the same effect as though as set forth herein.

25.    Plaintiff, Nancy Dahlen and Denise Lutz are the authors of the We Care About You poster. Denise Lutz has assigned all her rights and interests, including the copyright registration, in the We Care About You poster to Nancy Dahlen.

26.    The copyright in the We Care About You poster was registered with the United States Copyright Office on February 24, 1998. A copy of the Registration Certificate is attached as Exhibit A along with the work that is protected by said Certificate.

27.    Defendant Joe Baker had access to Plaintiff Nancy Dahlen's We Care About You poster and Plaintiff gave Joe Baker a copy of her poster.

28.    Defendant MLBA had access to Plaintiff Nancy Dahlen's We Care About You poster and Plaintiff gave the MLBA a copy of her poster.

29.    Defendant Joe Baker has violated 17 U.S.C. §501 and has willfully infringed Plaintiff Nancy Dahlen's copyright by his unauthorized copying, and/or by creating derivative works based on the "We Care About You" poster, and/or publicly displaying the "Do You Know Your Rights?" poster.

30.    Defendant MLBA has violated 17 U.S.C. §501 and has willfully infringed Plaintiff Nancy Dahlen's copyright by their unauthorized copying, and/or by creating and distributing derivative works based on the "We Care About You" poster, and/or publicly displaying the "Do You Know Your Rights?" poster.

31. The poster "Do You Know Your Rights?" is based on the We Care About You poster.

32. The "Do You Know Your Rights?" poster is derived from the We Care About You poster.

33. The Defendants' copyright infringement has damaged Plaintiff Nancy Dahlen in an amount yet to be determined.

34. Defendants' copyright infringement has and continues to be willful.

35. Defendants' copyright infringement will continue unless enjoined by this Court.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. §1125

36. Plaintiff Nancy Dahlen incorporates by reference all of the above averments set forth in Paragraph 1 – 35, inclusive, with the same effect as those set forth herein.

37. The Defendants' use of the "Do You Know Your Rights?" poster in commerce is a commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of their poster, or commercial activities, in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125).

38. The Defendants' use of the "Do You Know Your Rights?" poster in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with Nancy Dahlen or her poster, or as to the origin, sponsorship, or approval of the Defendants' poster or commercial activities with Plaintiff, in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125).

39. Defendants' use of Plaintiff Nancy Dahlen's poster has been deliberate and willful and has been committed with the intent to cause confusion and mistake as to the source and/or origin of the poster.

40. Defendants' acts are causing irreparable injury to Plaintiff Nancy Dahlen's trade, business, reputation, prestige and goodwill. Plaintiff Nancy Dahlen has no adequate remedy at law and the Defendants' acts will continue unless restrained by this Court.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

41. Plaintiff Nancy Dahlen incorporates by reference all of the above averments set forth in Paragraphs 1 – 40, inclusive, with the same effect as those set forth herein.

42. On information and belief, Defendants' acts of deliberately distributing substantial reproductions of Plaintiff's posters free of charge which foreseeably would destroy Plaintiff's business of selling such posters, constitute common law unfair competition.

43. As a result of Defendants unfairly competing with Plaintiff, Nancy Dahlen, Plaintiff has suffered, and will continue to suffer, irreparable injury to her business and reputation. Plaintiff Nancy Dahlen has no adequate remedy at law and said acts will continue unless restrained by this Court.

44. Free distribution by MLBA of its poster has essentially destroyed Plaintiff's business of marketing its posters in the State of Michigan and likely in other states, which has destroyed future sales by Plaintiff of its posters which otherwise would be purchased for years with profits to Plaintiff.

45. The Defendants' use of the "Do You Know Your Rights?" poster in commerce is a commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of their poster, or commercial activities, in violation of common law unfair competition.

46. The Defendants' use of the "Do You Know Your Rights?" poster in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with Nancy Dahlen or her poster, or as to the origin, sponsorship,

or approval of the Defendants' poster or commercial activities with Plaintiff, in violation of common law unfair competition.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff Nancy Dahlen requests that this Court:

(a) Enter an Order preliminarily, and the time of final judgement permanently, restraining Defendants, their agents, servants and employees and all persons in active concert or participation with them;

    1. From infringing Plaintiff Nancy Dahlen's copyright Registration No. TXu 842-524;

    2. From unfairly competing with Plaintiff Nancy Dahlen or misappropriating that which rightfully belongs to her.

(b) That the Defendants be Ordered to deliver up for destruction any and all product inventory that either infringes Plaintiff Nancy Dahlen's copyright registration no. TXu 842-524 or any other intellectual property.

(c) Order an accounting of profits and other damages derived by Defendants from their acts of copyright infringement and unfair competition;

(d) Enter a judgement in favor of Plaintiff Nancy Dahlen in the amount of 1) Defendants' profits; 2) any damages sustained by Plaintiff Nancy Dahlen, including, but not limited to $150,000; 3) the costs of this action; 4) trebling of damages in the amount of $450,000; 5) a determination that this is an exceptional case and thus an award of Plaintiff Nancy Dahlen's reasonable attorneys' fees; 6) Plaintiff's damages for loss of future business caused by Defendants due to distribution of thousands of copies of Defendants' infringing posters; and 7) an award of pre-judgement interest, and any other such relief available pursuant to 15 U.S.C. §1117;

(e) An award of statutory damages in the amount of $100,000 and, to the extent statutory damages are not awarded, the actual damages and profits suffered by Nancy Dahlen as a result of the infringement, and the attorneys' fees incurred by her in this action, all pursuant to 17 U.S.C. §§504 and 505; and

(f) Any other relief as may be deemed appropriate of this Court.

## VERIFIED STATEMENT

I declare, under penalty of perjury, that the above stated facts are true to the best of my knowledge and belief except as to those matters stated to be upon information and belief and, as to those matters I believe them to be true.

February 28, 2000

_____
Nancy Dahlen

Respectfully submitted,

_____
Douglas P. LaLone (P45751)
Bernard J. Cantor (P11581)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Suite 400
Troy, Michigan 48098
Phone: (248) 641-1600
Fax: (248) 641-0270

Dated: 2-28-00

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED